UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MACKIE L. MANNS, SR., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   v. | ) | CIVIL NO.  1:06-CV-368 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

### INTRODUCTION AND PROCEDURAL HISTORY

The question presented in this case is relatively straightforward: once attorney fees are awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, who is entitled to their direct payment, the claimant or his attorney?

We reach this question on the two fully briefed motions for attorney fees (Docket # 24, 32) that Manns's counsel, Joseph Shull, filed subsequent to our Order (Docket # 22), remanding this case to the Social Security Administration for further proceedings.  Because there apparently is no dispute concerning the amount of fees sought, $3,547.80, only who is to be the lawful recipient, we turn immediately to a summary of the arguments presented.

In short, the Commissioner contends that the EAJA provides that attorney fees are to be paid only to the "prevailing party" – Manns in this instance – and not to counsel, unless the attorney here, Shull, can present a written assignment from Manns.  (Def.'s Resp. to Pl.'s Mot. for Award of Att'y Fees 1.)

Shull, on the other hand, asserts that the Commissioner's position is a recent

1

administrative change in policy that "violates the law and undermines the purpose of the EAJA." (Reply Br. 1-2.)  In sum, Shull essentially argues that although the prevailing party has the power to seek attorney fees under the EAJA, the "party may not *receive* the EAJA fees[.]" (Reply Br. 2, 3.)  To read the EAJA otherwise, he insists, subverts its purpose and discourages representation in Social Security cases, thus contravening public policy.  (Reply Br. 9, 10.)

The Motion of Award of Attorney Fees in the amount of $3,547.80 is GRANTED; however, because we believe the language and intent of the EAJA is clear, the request that the attorney fees be paid directly to Shull is DENIED.

## DISCUSSION

The issue in this matter, in our view, hinges upon the language of the statute itself.  The statute provides that "[e]xcept as otherwise specifically provided by statute, a court shall award *to a prevailing party* . . . fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought . . . against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A) (emphasis added).

The established principles of statutory interpretation guide our analysis.  "When we interpret a statute, we look first to its language.  If that language is plain, our only function is 'to enforce it according to its terms.'"  *Greenfield Mills, Inc. v. Macklin*, 361 F.3d 934, 954 (7th Cir. 2004) (quoting *United States v. Balint*, 201 F.3d 928, 932 (7th Cir. 2000) (internal quotations and citations omitted)).  "The plain meaning of a statute is conclusive unless 'literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'"  *Id.*

2

(quoting *Balint*, 201 F.3d at 932 (internal quotations and citations omitted)).  "Therefore, our interpretation is guided not just by a single sentence or sentence fragment, but by the language of the whole law, and its object and policy.  Further, we may adopt a restricted rather than a literal meaning of a word where acceptance of the literal meaning would lead to absurd results."  *Id.* (quoting *Balint*, 201 F.3d at 932).

     In the relevant provision of the EAJA, the drafters prescribed that if attorney fees and expenses are incurred, and thus awardable in a civil action, they are to go to "the prevailing party . . . ."  28 U.S.C. § 2412(d)(1)(A).  Bearing in mind the cardinal rule of statutory interpretation, the plain meaning of the language "prevailing party" could only mean, in this context, Manns as the claimant, not Shull as his counsel.  Indeed, the EAJA actually defines a "party" as an individual "whose net worth did not exceed $2,000,000 at the time the civil action was filed," a provision that clearly is designed to encompass claimants, not their counsel.  28 U.S.C.A. § 2412(d)(2)(B).  Accordingly, given the plain language of the statute, our role is "to enforce it according to its terms."  *Greenfield Mills, Inc.*, 361 F.3d at 954.

     Of course, "our interpretation is guided not just by a single sentence or sentence fragment, but by the language of the whole law, and its object and policy," *id.*, and thus we must consider other potentially relevant portions of the statute.  Shull points out that the "Savings Provision" of the EAJA provides that "where the claimant's attorney receives fees for the same work under both section 206(b) of [the Social Security Act, 42 U.S.C. 406(b)(1),] and section 2412(d) of [the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee."  Pub. L. 96-481, § 206, as amended by Pub. L. 99-80, § 3, Aug. 5, 1985, 99 Stat. 183 (1985).  Shull argues that this directive implies that Congress intended that the fee would be paid

3

directly to the attorney.

Shull's argument, although creative, is flawed. As recited above, the statute simply provides that where attorney fees are awarded out of both the EAJA and the Social Security Act, the attorney shall refund the lesser amount to his client. That an attorney *may* directly receive EAJA fees is in fact a possibility, where he has demonstrated some entitlement to those fees, such as by virtue of a written assignment. *See, e.g., Thomas v. Shalala*, No. 91 C 5488, 1993 WL 112534, at *5 (N.D. Ill. Apr. 8, 1993) ("While the fee award . . . belongs to [the claimant], it is common to make the award directly to the lawyer where the lawyer's contractual entitlement is uncontested or where it is clear that the attorney was acting for his client."). Therefore, the Savings Provision merely acknowledges that circumstances exist when the attorney may receive both awards, and if that happens, he must refund the lesser amount.

Furthermore, various courts have acknowledged that "prevailing party" means that the award goes to the claimant, not the attorney.[1] *See, e.g., id.* (recognizing "that an award of attorney's fees to a 'prevailing party' belongs to the party entitled to such an award and not to his attorney"); *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006) (distinguishing EAJA attorney fee awards from awards under the Social Security Act, in that "an EAJA award is to the claimant, while counsel receives an SSA award"); *Simoneau v. Astrue*, No. 06-1176-JTM, 2007 WL 2994062, at *3 (D. Kan. Oct. 11, 2007) (holding that "the proper procedure in EAJA fee

---

[1] What is more, analogous fee agreements in different statutes have been interpreted the same way. *See, e.g., Venegas v. Mitchell*, 495 U.S. 82, 87 (1990) (noting that in regard to Section 1988 fee awards, "it is the party, rather than the lawyer" who is eligible for a discretionary award of attorney fees); *Zeisler v. Neese*, 24 F.3d 1000, 1001-02 (7th Cir. 1994) (holding that under the Truth in Lending Act, 15 U.S.C.S. § 1640(a)(3), the plaintiff, not her attorney, is entitled to attorney fees, and noting that the attorney could protect himself by entering into an agreement with his client assigning the client's statutory right to attorney fees to the lawyer).

4

awards is to order an award of fees payable to the claimant, rather than to the claimant's counsel"); *Phillips v. Gen. Servs. Admin.*, 924 F.2d 1577, 1582 (Fed. Cir. 1991) ("As the [EAJA] requires, any fee award is made to the 'prevailing party,' not the attorney.  Thus, Phillips' attorney could not directly claim or be entitled to the award.  It had to be requested on behalf of the party."); *Oguachuba v. Immigration & Naturalization Serv.*, 706 F.2d 93, 97 (2d Cir. 1983) (stating that the EAJA allows an award of fees to the "prevailing party" and "[w]hether an award of attorneys' fees under the Act ultimately redounds to the benefit of counsel depends upon the private contractual arrangements between the attorney and the client").  *But see Dixon-Townsell v. Barnhart*, 445 F. Supp. 2d 1283 (N.D. Okla. 2006) (setting aside an administrative offset of an EAJA attorney fee award and ordering that the fees be paid directly to the attorney instead of the client).

  Given that the meaning of the EAJA is clear, that "plain meaning . . . is conclusive unless 'literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'"  *See Greenfield Mills, Inc.*, 361 F.3d at 954.  Shull argues that a finding that the award goes to the party and not his attorney contravenes the EAJA's purpose.  He discusses the problematic application of this statutory provision to Social Security cases – that paying the client instead of the attorney could result in a windfall for the client, that the fees are truly for the purpose of paying for litigation, and that this interpretation could result in some claimants being unable to secure counsel.  We understand Shull's concerns because in Social Security cases, unlike other cases where the EAJA may apply, the plaintiff typically does not advance attorney's fees and accordingly could, absent some prophylactic measure such as a written assignment, either spend the money, or more likely, have it intercepted by the government, thereby thwarting

the attorney's receipt of payment for his services.[2]

This potential reality presents a problem of course, but certainly does not support the notion that the entire purpose of the EAJA, which is to allow government claimants some basis to afford and acquire representation, has been compromised. *Krecioch v. United States*, 316 F.3d 684, 686 (7th Cir. 2003) ("The purpose of the EAJA is to eliminate the financial disincentive for people to challenge unreasonable governmental actions."). Accordingly, the EAJA "improve[s] citizen access to courts" by removing one impediment that might otherwise discourage a claimant from challenging an adverse Social Security determination. *Oguachuba*, 706 F.2d at 99 (quoting H.R. Rep. No. 96-1418, at 12 (1980), *as reprinted in* 1980 U.S.S.C.A.N. 4984, 4991.) On the other hand, it is up to counsel to protect their own interests under the EAJA, and to the extent there is a disconnect between how the statute is written and the realities of the Social Security practice, the solution is a legislative, rather than judicial, one.

Furthermore, this problem is hardly an insurmountable one for prudent counsel in Social Security cases, for as we have mentioned, there is a feasible and reasonable alternative – have an assignment of fees executed at the outset of the litigation. *See, e.g., Thomas*, 1993 WL 112534, at *5 ("While the fee award . . . belongs to [the claimant], it is common to make the award directly to the lawyer where the lawyer's contractual entitlement is uncontested or where it is clear that the attorney was acting for his client."). The Commissioner concedes that if Shull produced such an agreement, the award would be paid directly to him. (Resp. Br. 3-4.) The fact that counsel can avoid these problems with a simple fee agreement vitiates Shull's public policy

---

[2] *See, e.g.,* 3 NAT'L ORG. OF SOCIAL SECURITY CLAIMANTS' REPRESENTATIVES, SOCIAL SECURITY PRACTICE GUIDE § 27.03(9) (2007) (discussing the recent practice of the government seizing EAJA fee checks from plaintiffs under the Debt Collection Improvement Act of 1996, resulting in EAJA payments being used to relieve clients' federal debts instead of going to the attorneys who represented them in their Social Security cases).

concerns.

Applying the well-recognized principles of statutory interpretation, we find that the meaning of the EAJA is clear, and paying the attorney fees to Manns as the "prevailing party" does not "produce a result demonstrably at odds with the intentions of its drafters." *See Greenfield Mills, Inc.*, 361 F.3d at 954.

## CONCLUSION

For the foregoing reasons, Manns's Motions of Award of Attorney's Fees Pursuant to the EAJA (Docket # 24; Docket # 32) are GRANTED in the amount of $3,547.80; however, the request that the fees be paid directly to attorney Shull (Docket # 24) is DENIED.

Enter for December 11, 2007.

S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge

7